UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CARLOS VELASCO GOMEZ,<br><br>               Petitioner,<br><br>  v.<br><br>BRUCE SCOTT, et al.,<br><br>               Respondent. | CASE NO. 2:25-cv-00522-JLR-BAT<br><br>**ORDER GRANTING TRO AND TEMPORAILY STAYING REMOVAL** |

Before the Court is Petitioner's Emergency Motion for Temporary Restraining Order and Stay of Removal. Dkt. 6. As the motion was filed after close of business on April 28, 2025, the government has not had an opportunity to respond.

The Court having reviewed the motion and the balance of the record, hereby ORDERS the motion for TRO is granted and removal of Petitioner is temporarily stayed.

## BACKGROUND

Petitioner is an immigration detainee represented by counsel. On March 24, 2025, he filed a petition for writ of habeas corpus averring he is subject to a reinstated deportation order. However, in late 2024, he was granted deferred action and an employment authorization pursuant to a finding that his I-918 petition for U nonimmigrant status is bona fide; he is currently awaiting the availability of a U visa under the statutory cap.

1    Petitioner contends he should be released from immigration custody because Respondent
2 has no lawful justification to detain him. *Id.* at 2. He submits that once Respondents granted him
3 a bona fide determination employment authorization document, they have granted him deferred
4 action and have stayed his removal. *Id.* at 10. He argues "as DHS has already agreed to defer Mr.
5 Velasco Gomez's deportation, the government can provide no lawful justification for his arrest
6 and detention, and he should be released. *Id.* at 14.
7    On April 25, 2025, Respondents filed a Return and Motion to Dismiss contending a grant
8 of deferred action and issuance of employment authorization does not preclude execution of
9 Petitioner's reinstated removal order or from detaining Petitioner while removal is pending. Dkt.
10 4 at 2. Respondent contends they need not revoke Petitioner's bona fide employment grant of
11 deferred action in order to execute Petitioner's order of removal because Petitioner is incorrect in
12 asserting the bona fide employment grant of deferred action is synonymous with a stay of
13 removal citing *Raghav v. Jaddou*, No. 2:25-cv-00408, 2025 WL 373638 at *2 (E.D. Cal. Feb. 3,
14 2025) ("Plaintiff's obtaining a BFD in his favor would not prevent his removal."). Respondents
15 further argue the Court lacks jurisdiction to review Respondents' decision to execute the
16 reinstated order of removal under 8 U.S.C. § 1252(g).
17    Plaintiff's present motion for an emergency TRO and a stay of removal is driven by a
18 statement contained in Respondent's Return: "Velasco Gomez is subject to a reinstated order of
19 removal and **his removal from the United States is imminent.**" Dkt. 4 at 1 (emphasis added).

## STANDARDS AND DISCUSSION

21    A TRO is "an extraordinary remedy that may only be awarded upon a clear showing that
22 the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24
23 (2008). The standard for issuing a TRO is the same as the standard for issuing a preliminary

1  injunction. *See New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n.2

2  (1977). "The proper legal standard for preliminary injunctive relief requires a party to

3  demonstrate (1) 'that [s]he is likely to succeed on the merits, (2) that [s]he is likely to suffer

4  irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in [her]

5  favor, and (4) that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d

6  1109, 1127 (9th Cir. 2009) (citing *Winter*, 555 U.S. at 20).

7    As an alternative to this test, a preliminary injunction is appropriate if "serious questions

8  going to the merits were raised and the balance of the hardships tips sharply" in the moving

9  party's favor, thereby allowing preservation of the status quo when complex legal questions

10 require further inspection or deliberation. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127,

11 1134–35 (9th Cir. 2011). However, the "serious questions" approach supports a court's entry of a

12 TRO only so long as the moving party also shows that there is a likelihood of irreparable injury

13 and that the injunction is in the public interest. *Id.* at 1135. The moving party bears the burden of

14 persuasion and must make a clear showing that she is entitled to such relief. *Winter*, 555 U.S. at

15 22.

16   Similarly, in evaluating whether to issue a stay, the Court considers four factors: "(1)

17 whether the stay applicant has made a strong showing that he is likely to succeed on the merits;

18 (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the

19 stay will substantially injure the other parties interested in the proceeding; and (4) where the

20 public interest lies." *Leiva-Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011) (per curiam)

21 (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)). This test is also satisfied where a petitioner

22 shows "that irreparable harm is probable and either: (a) a strong likelihood of success on the

23 merits and that the public interest does not weigh heavily against a stay; or (b) a substantial case

ORDER GRANTING TRO AND
TEMPORAILY STAYING REMOVAL - 3

on the merits and that the balance of hardships tips sharply in the petitioner's favor." *Id.* at 970. The Court considers these factors below.

*Likelihood of Success on the Merits*

The parties sharply disagree on the merits of this case. Petitioner argues his grant of bona fide employment deferred action serves as an administrative stay. He contends his deferred action has not been revoked pursuant to any applicable regulation and that it is unlawful for Respondents to detain him and attempt execution of the reinstated removal order. Petitioner further contends Respondent's attempt to reinstate the removal order despite granting deferred action violates the APA and is an unlawful arbitrary and capricious decision which has made without good cause, notice, and the opportunity to respond as required by the applicable regulations. Under the APA, "review is limited to assessing whether a U visa determination 'was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law'; in violation of a statutory, procedural, or constitutional requirement; or unsupported by 'substantial evidence.'" *Perez Perez v. Wolf*, 943 F.3d 853, 864 (9th Cir. 2019) (quoting 5 U.S.C. § 706(2)(A)–(E)).

Respondent agrees Petitioner has been granted bona fide employment deferred action but contends notwithstanding this grant, they may remove Petitioner citing *Raghav v. Jaddou*, No. 2:25-cv-00408, 2025 WL 373638. The *Raghav* case involved a petitioner who had not received bona fide employment deferred action, in contrast to Petitioner. The *Raghav* court noted that upon obtaining bona fide employment deferred action, a non-citizen satisfies the initial prima facie requirement for an administrative stay, which then proceeds to a decision whether to grant or deny a stay under 8 U.S.C. § 1227(d)(1). Here, although Petitioner has met the initial prima facie requirement for an administrative stay, which should be reviewed by the Secretary of

Homeland Security to determine whether a stay should be granted, Respondents appear to argue they can remove him without such review. Based upon the current pleadings, the likelihood of success factor leans in favor of Petitioner.

*Probability of Irreparable Harm*

Petitioner must show an irreparable injury is the more probable or likely outcome if the request for a stay of removal is denied. *See Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011)). Although removal is a serious burden for many [noncitizens], it is not categorically irreparable." *Nken,* 1556 U.S. at 435. Thus, to satisfy this element, Petitioner "must show that there is a reason specific to his or her case, as opposed to a reason that would apply equally well to all [noncitizens] and all cases, that removal would inflict irreparable harm." *Leiva-Perez*, 640 F.3d at 969. Factors bearing on irreparable harm include, but are not limited to, whether removal would effectively prevent a noncitizen from pursuing a petition for review, physical danger to the individual if returned to his or her home country, separation from family members, medical needs, and potential economic hardship. *Id*. at 969-70. Plaintiff alleges removal would irreparably harm him because it will separate him from his U.S. citizen wife of 30 years, his family, children and grandchildren who are citizens, his support system, his work and the only life that he has known for the last 14 years. Petitioner's ties to the United States and the fact his wife, children and grandchildren are United States citizens are specific reasons that show he will suffer irreparable harm if he is immediately removed. This factor favors Petitioner.

*Balance of Hardships and Public Interest*

When the government is the opposing party the balance of hardship, harm, and public interest prongs merge. *Levia-Perez*, 640 F.3d at 970. These factors favor Petitioner. Petitioner seeks a TRO which at this point provides him temporary relief. The additional costs to detain

ORDER GRANTING TRO AND
TEMPORAILY STAYING REMOVAL - 5

Petitioner and the delays attendant following issuance of a TRO, which normally lasts for no more than 14 days under Rule 65, and stay for a temporary time are outweighed by the continued detention of Petitioner and the danger of imminent removal. The public interest also favors Petitioner as it is in the public interest to prevent wrongful removals or removals that circumvent required statutory or constitutional requirements.

For the foregoing reasons the Court finds it appropriate to grant a TRO and a temporary stay of removal pending further proceedings and the order of the court. The Court accordingly finds and ORDERS:

(1) Petitioner's motion for TRO is GRANTED. Petitioner faces irreparable harm based upon Respondent's assertion of imminent removal without the opportunity for review of his case on the merits. The TRO is granted without notice because Respondent has indicated that Petitioner's removal is "imminent."

(2) Petitioner's removal is temporarily STAYED. Respondents, their agents, officers, and any other persons acting on their behalf shall not remove or deport Petitioner pending further proceedings in this Court or order by this Court.

(3) The Court will set a schedule regarding further briefing and proceedings on April 29, 2025.

DATED 8:46 a.m., on the 29th day of April, 2025.

JAMES L. ROBART
United States District Judge